UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| LAKSHMI, LLC; PINNACLE LODGING, LLC; HAMMOND LODGING, LLC; GONZALES LODGING, LLC; GONZALES HOME 2 LODGING, LLC; LAKSHMI HOSPITALITY, LLC; LAKSHMI OF COVINGTON, LLC; AND HOLIDAY INN COVINGTON, LLC<br>    PLAINTIFFS,<br><br>VERSUS<br><br>STARR SURPLUS LINES INSURANCE COMPANY,<br>    DEFENDANT. | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, Lakshmi, LLC; Pinnacle Lodging, LLC; Hammond Lodging, LLC; Gonzales Lodging, LLC; Gonzales Home 2 Lodging, LLC; Lakshmi Hospitality, LLC; Lakshmi of Covington, LLC; and Holiday Inn Covington, LLC, which submit this Complaint for Damages against Defendant, Starr Surplus Lines Insurance Company, and further respectfully aver as follows:

**PARTIES**

**1.**

Plaintiffs are as follows:

    a) Lakshmi, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee, Florida and California.

1

b) Pinnacle Lodging, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana.

c) Hammond Lodging, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee and Mississippi.

d) Gonzales Lodging, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee and Mississippi.

e) Gonzales Home 2 Lodging, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee and Mississippi.

f) Lakshmi of Covington, LLC a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee and Mississippi.

g) Lakshmi Hospitality, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana and Mississippi.

h) Holiday Inn Covington, LLC, a limited liability company organized and existing under the laws of the State of Louisiana and whose members are citizens of, reside in and are domiciled in Louisiana, Tennessee and Mississippi.

**2.**

Made Defendant is Starr Surplus Lines Insurance Company (hereinafter "Defendant"), a corporation organized and existing under the laws of the State of Texas, with its principal place of business in New York.

**JURISDICTION AND VENUE**

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a)(1), because the matter in controversy exceeds $75,000.00 and because Plaintiffs and Starr Surplus Lines Insurance Company are citizens of different states. Plaintiffs are citizens of Louisiana, Tennessee, Mississippi, Florida and California as alleged for each plaintiff above. Defendant, Starr Surplus Lines Insurance Company, is a citizen of Texas and New York. The unpaid losses due under Defendant's insurance policy issued to Plaintiffs exceed $75,000.00, exclusive of interest and costs, and Plaintiffs also seek penalties, attorney's fees, costs, and expenses in addition to those unpaid losses pursuant to Louisiana Revised Statute § 22:1892 and § 22:1973.

**4.**

This action is being filed in this Court according to the language contained in the insurance policy at issue, which states that any suit, action, or proceeding against the Defendant must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York.[1]

---

[1] Plaintiffs do not concede that venue lies exclusively in this Court.

**FACTUAL BACKGROUND**

**5.**

At all times relevant hereto, Plaintiffs were named insureds under the policy of insurance provided by Defendant as described below. Plaintiffs owned and/or operated commercial enterprises located at the following addresses (hereinafter referred to as "Insured Properties"):

- Lakshmi, LLC owns the property located at 7049 Bullard Avenue, New Orleans, Louisiana 70128.

- Pinnacle Lodging, LLC owns the property located at 68700 Hwy 190 Service Road, Covington, Louisiana 70433.

- Hammond Lodging, LLC owns the property located at 1605 S. Magnolia Street, Hammond, Louisiana 70403.

- Gonzales Lodging, LLC owns the property located at 2821 Cabela's Parkway, Gonzales, Louisiana 70737.

- Gonzales Home 2 Lodging, LLC owns the property located at 2708 W. Outfitters Drive, Gonzales, Louisiana 70737.

- Lakshmi Hospitality, LLC owns the property located at 100 Holiday Blvd., Slidell, Louisiana 70460.

- Lakshmi of Covington, LLC owns the property located at 69354 Stirling Blvd., Covington, Louisiana 70433.

- Holiday Inn Covington, LLC owns the property located at 45 Louis Prima Dr., Covington, Louisiana 70433.

**6.**

At all times relevant hereto, Defendant provided Plaintiffs a policy of insurance, bearing policy number SLSTPTY11503121 (hereafter the "Policy") which covered the Insured Properties against loss and damage caused by, among other perils, wind, hail, and water. The policy was in full force and effect at the time of the covered loss event that is the subject of the instant lawsuit.

**7.**

On August 29, 2021, Hurricane Ida made landfall in Port Fourchon, Louisiana, as a Category 4 hurricane with sustained winds of 150 miles per hour. After making landfall, Hurricane Ida traveled north and passed over the New Orleans, Louisiana metropolitan area.

**8.**

The Insured Properties sustained damage to the roofing and exterior structures of the buildings as a result of Hurricane Ida. In addition, water infiltrated the structures causing damages to the interiors.

**9.**

Hurricane Ida also caused significant damage to Plaintiffs' business personal property located at the Insured Properties and caused Plaintiffs to suffer a loss of business income and/or extra expense as a result of the damage caused to the buildings.

**10.**

The interruption of Plaintiffs' business operations has resulted in significant loss of business income and extra expense.

**11.**

In compliance with the policy, Plaintiffs timely provided notice of the loss event to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

**12.**

Upon notification of the loss event, Defendant performed an initial inspection of the loss and damage to the Insured Properties.

**13.**

Plaintiffs, in compliance with the terms of the policy, cooperated with Defendant and its consultants and made the Insured Properties available for inspection. Defendant, directly and/or through their loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Insured Properties.

**14.**

The payments made by Defendant to date are inadequate to cover the cost of repairs caused by Hurricane Ida. As a result of Defendant's delays and failure to pay the amounts due under the policy, Plaintiffs had to retain undersigned counsel to bring the claims to a conclusion and final resolution.

**15.**

Defendant failed to pay the amount due to Plaintiffs in connection with the subject claims within thirty (30) days after receipt of satisfactory proof of loss.

**16.**

Defendant has been in possession of sufficient documentation to fully apprise itself of the actual loss and damage to the Insured Properties as a result of Hurricane Ida. Defendant failed to

pay Plaintiffs the actual amount of the loss due under the policy despite having satisfactory proof of loss for more than sixty (60) days.

**17.**

Defendant breached its affirmative duties under La. R.S. § 22:1973 and § 22:1973 as a result of its failure to timely and reasonably adjust the subject losses.

**18.**

Despite Defendant's ongoing breaches and failure to timely pay the loss amounts due under the policy, Plaintiffs have continued to work with Defendant and its consultants to ensure compliance with Plaintiffs' duties under the policy.

**19.**

Defendant's failure to timely pay benefits owed under the policy has placed the Insured Properties at risk.

**20.**

Defendant has unjustifiably failed and/or refused to perform its obligations under the policy and has wrongfully or unfairly limited payment on the Plaintiffs' claims.

**21.**

Because of Defendant's failure to timely compensate Plaintiffs for losses that are clearly covered and owed under the policy, Plaintiffs have and will continue to sustain and/or incur additional business losses and extra expenses, including increased costs of construction.

**22.**

As a result of Defendant's bad faith conduct in connection with its adjustment of these claims, Plaintiffs have incurred professional expenses, including expert and/or attorney's fees, to

determine that Defendant wrongfully failed to timely pay adequate amounts owed under the policy in connection with Plaintiffs' claims.

**23.**

Defendant's acts and omissions in failing to pay Plaintiffs the actual amounts owed under the policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

**24.**

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the policy in response to the damage caused by Hurricane Ida, Plaintiffs have and/or will continue to sustain additional loss and damage and will continue to incur additional costs and expense at increased prices in connection with its completion of the repairs.

## CAUSES OF ACTION

**A. Breach of Insurance Contract**

**25.**

Plaintiffs re-allege and re-aver the allegations contained in the preceding paragraphs above, as if restated herein.

**26.**

The policy is an insurance contract between Plaintiffs and Defendant that provides coverage for the losses resulting from Hurricane Ida.

**27.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds that are owed to Plaintiffs under the policy.

**28.**

Upon information and belief, Defendant breached the insurance contract by, among other things:

(i) purposely and/or negligently failing to timely tender undisputed insurance proceeds;

(ii) conducting the investigation and claims in bad faith;

(iii) failing to adequately compensate Plaintiffs for the damages to the Insured Properties, as required by the Policy.

**29.**

Plaintiffs have suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

**B. Bad Faith Damages for Violations of La. R.S. §22:1892 and §22:1973.**

**30.**

Plaintiffs re-allege and re-aver the allegations contained in the preceding paragraphs, above, as if restated herein.

**31.**

Pursuant to LSA-R.S § 22:1892, Defendant was required to unconditionally tender payment to Plaintiffs for reasonably undisputed losses caused by Hurricane Ida within thirty (30) days of Defendant's receipt of satisfactory proof of loss when its adjusters inspected the Insured Properties. Defendant failed to do so.

**32.**

LSA-R.S. § 22:1892 further required Defendant to re-evaluate Plaintiffs' claims and to tender additional unconditional payments to Plaintiffs each time Defendant received additional information concerning the losses sustained by Plaintiffs. Defendant failed to do so.

**33.**

Defendant's failure to pay adequate amounts timely in this matter was arbitrary, capricious, or without probable cause.

**34.**

Pursuant to LSA-R.S. § 22:1892, Defendant is liable to Plaintiffs for a penalty equal to fifty percent (50%), in addition to the amount of the loss, on the amount due from Defendant, as well as reasonable attorney's fees and costs, for Defendant's failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss.

**35.**

Pursuant to LSA-R.S. § 22:1973, Defendant is additionally liable to Plaintiffs for actual damages, coverages, and provisions under the policy, as well as for failing to unconditionally tender the amounts owed to Plaintiffs within sixty (60) days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

**36.**

Pursuant to La. R.S. § 22:1973, in addition to actual damages for its breaches of the statute, Defendant is also liable to Plaintiffs for a penalty of the up to two times the actual damages Plaintiffs sustained or five thousand dollars, whichever is greater.

**DAMAGES**

**37.**

As a result of the actions of Defendant, Plaintiffs have suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

a. Damage to the buildings and other structures located at the Insured Properties;

a. Mitigation, remediation and repair costs;

b. Diminution in value;

c. Lost and/or damaged personal property;

d. Loss and damage due to delays and / or inability to make appropriate repairs as a result of inadequate insurance payments;

e. Business loss and extra expenses;

f. Loss of economic opportunities;

g. Any and all other applicable damages covered under any of the applicable coverages afforded under the policy's sub-coverage limits, including but not limited to demolition, debris removal, increased cost of construction;

h. Any and all other consequential damages caused by Defendant's breaches;

i. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Defendant's breaches; and

j. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## REQUEST FOR JURY TRIAL

**39.**

Plaintiffs hereby request a trial by jury.

**WHEREFORE**, Plaintiffs, Lakshmi, LLC; Pinnacle Lodging, LLC; Hammond Lodging, LLC; Gonzales Lodging, LLC; Gonzales Home 2 Lodging, LLC; Lakshmi Hospitality, LLC; Lakshmi of Covington, LLC; and Holiday Inn Covington, LLC, pray that, after due proceedings, there be a judgment rendered herein in Plaintiffs' favor and against Defendant, Starr Surplus Lines

Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiffs in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

**Respectfully submitted,**

**PANDIT LAW FIRM, LLC**

**Date:** August 28, 2023

**BY:**   */s/ Peter Freiberg*
**PETER N. FREIBERG** (PF-1561)
701 Poydras Street, Suite 3950
New Orleans, LA 70139
Telephone:   (504) 313-3800
Facsimile:   (504) 313-3820
Email:   pfreiberg@panditlaw.com